UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMIR M. MESHAL,

     Plaintiff,

                                      Case No: 4:22-cv-00010

v.

CHRISTOPHER C. WRIGHT, in his official
capacity as Commissioner of the Georgia
Department of Public Safety; JOSHUYA J.
JANUFKA; KEITH OGLESBY; and
DERRICK FRINK,

     Defendants.

_____/

## **DEFENDANT, DERRICK FRINK'S ANSWER TO COMPLAINT**

Defendant, DERRICK FRINK, by and through undersigned counsel, files this

Answer to Plaintiff's Complaint (Doc. 1) as follows:

### **FIRST DEFENSE**

Plaintiff's complaint fails to state a claim against Defendant upon which relief

can be granted.

### **SECOND DEFENSE**

Punitive damages are not available in this action, as a matter of law against

the Defendant Frink in his official capacity.

### THIRD DEFENSE

Defendant denies that he deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States, nor have they pled facts to support said claim.

### FOURTH DEFENSE

Defendant Frink is immune from liability for actions taken in the exercise of governmental functions of the County.

### FIFTH DEFENSE

Plaintiff's claims for money damages are barred, in whole or in part, because he has not suffered a physical injury that is more than *de minimis*.

### SIXTH DEFENSE

Plaintiff's claims against unknown Defendant Frink in his individual capacity is barred by the doctrine of qualified immunity.

### SEVENTH DEFENSE

Plaintiff's claims against Defendant Frink in his official capacity, is barred by the doctrine of sovereign immunity.

### EIGHTH DEFENSE

Any injuries or damages suffered by the Plaintiff is the result of actions or inactions of Plaintiff or others and therefore Plaintiff cannot recover from Defendant.

2

## NINTH DEFENSE

Defendant did not institute or maintain a policy, practice, or custom that resulted in a violation of any of the Plaintiff's rights guaranteed by the Constitution or laws of the United States or the State of Georgia.

## TENTH DEFENSE

Defendant acted in good faith and did not act with any intention to cause any harm to the Plaintiff.

## ELEVENTH DEFENSE

Plaintiff does not have a clear legal right to the relief sought.

## TWELFTH DEFENSE

Defendant denies he violated Plaintiff's Fourth Amendment rights.

## THIRTEENTH DEFENSE

Defendant cannot be held liable under 42 U.S.C. § 1983 for the alleged actions or omissions of another Defendant, or other individual, under a theory of vicarious liability.

## FOURTEENTH DEFENSE

No act or omission of Defendant was the proximate cause of any injury to Plaintiff.

## FIFTEENTH DEFENSE

There exist no official policies, procedures, customs, practices, resolutions, or ordinances of Chatham County, Georgia or any other official capacity which form the basis of Plaintiff's Complaint and, accordingly, the Complaint fails to state a cause of action against the official capacity OF Defendant under 42 U.S.C. §§ 1981, 1983.

## SIXTEENTH DEFENSE

This Complaint has been brought by Plaintiff in bad faith, is not well-grounded in fact or evidentiary support; is not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; is interposed for improper purposes, including, but not limited to, harassment and/or unnecessary delay and/or a needless increase in the expense of litigation.

## SEVENTEENTH DEFENSE

As discovery has not yet begun, the Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. Defenses asserted herein are based upon initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial. The Defendant raises all those

4

affirmative defenses set forth in O.C.G.A. §9-11-18(c) and none of which are waived.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TWENTIETH DEFENSE

Defendant shows that his responses contained within this Answer are based upon all information currently available to Defendant and are interposed in a good faith attempt to address and respond to all allegations within Plaintiff's Complaint. Accordingly, Defendant reserves all rights to amend, supplement, and explain the responses herein above as this case progresses.

Subject to and without waiving the above stated general defenses, Defendant responds to the individually enumerated paragraphs of Plaintiff's Complaint by showing:

1. Defendant denies the allegations contained in paragraph 1 of Plaintiff's complaint as pertains to Defendant Frink, as pled. Defendant is without knowledge sufficient to either admit or deny the allegations to the extent

they pertain to the other defendants. To the extent an answer is required, the allegations are denied.

2. Paragraph 2 of Plaintiff's complaint calls for legal conclusions proclaimed by Plaintiff's counsel. To the extent that Plaintiff seeks to impose liability upon this Defendant, the allegations are denied.

3. Defendant admits this Court has jurisdiction but denies that Defendant violated Plaintiff's civil and constitutional rights.

4. Defendant admits that venue in this Court is proper.

## PARTIES

5. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

6. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

7. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon

6

Defendant Frink, the allegations are denied.

8. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

9. Defendant Frink admits that he is a K-9 handler with the Chatham County Sheriff's Office Regional K-9 Resource Team. Defendant further admits that he responded to a traffic stop of Plaintiff on January 23, 2020 in Richmond Hill, Georgia. Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's complaint, as pled.

## FACTS

10. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

11. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

12. Defendant is presently without sufficient information or knowledge to

admit or deny the allegations contained in Paragraph 12 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

13. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

14. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

15. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

16. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 60 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

17. Defendant is presently without sufficient information or knowledge to

admit or deny the allegations contained in Paragraph 17 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

18. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

19. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

20. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

21. Defendant Frink admits that Officer Janufka called for a K-9 unit but does not know at what point in time during the exchange with Janufka and Plaintiff the call was made.

22. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's

complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

23. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

24. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

25. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

26. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

27. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's

complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

28. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

29. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

30. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

31. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

32. Defendant Frink admits that he arrived at the scene in his uniform with a K-9 trained to detect explosives. Defendant further admits that the other

officer was a white female in uniform. Defendant is presently without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 32 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

33. Upon information and belief, Defendant admits the allegations contained in paragraph 33 of Plaintiff's complaint.

34. Upon information and belief, Defendant admits the allegations contained in paragraph 34 of Plaintiff's complaint

35. Defendant admits that he opened the passenger side door of the semi-truck and physically lifted his dog into the cabin of the vehicle and then entered the truck himself. Defendant further admits that after approximately a minute and a half, he and his dog got back out of the truck and walked back to the squad car.

36. Defendant admits the allegations contained in Paragraph 36 of Plaintiff's complaint.

37. Defendant admits the allegations contained in Paragraph 37 of Plaintiff's complaint.

38. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiff's

12

complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

39. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

40. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

41. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

42. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

43. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of Plaintiff's

complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

44. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

45. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

46. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

### ***The Federal Government's Terrorist Watchlist***

47. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

### *Selection Criteria for the Watchlist*

48. The allegations contained in paragraph 48 of Plaintiff's complaint is a mere statement and does not address this Defendant, and does not require a response. To the extent a response is required, this Defendant must deny same.

49. The allegations contained in paragraph 49 of Plaintiff's complaint is a mere statement and does not address this Defendant, and does not require a response. To the extent a response is required, this Defendant must deny same.

50. The allegations contained in paragraph 50 of Plaintiff's complaint is a mere statement and does not address this Defendant, and does not require a response. To the extent a response is required, this Defendant must deny same.

51. The allegations contained in paragraph 51 of Plaintiff's complaint is a mere statement and does not address this Defendant, and does not require a response. To the extent a response is required, this Defendant must deny same.

52. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon

15

Defendant Frink, the allegations are denied.

53. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

54. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

55. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

56. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

### *Use by State and Local Law Enforcement Agencies*

57. Defendant admits the first sentence of paragraph 57 but is presently without sufficient information or knowledge to admit or deny the

remaining allegations contained in Paragraph 57 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

58. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 58 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

59. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 59 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

60. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 60 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

61. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 61 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

## COUNT I

### *Unlawful Seizure Under U.S.C. §1983*

62. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 62 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's complaint as pertains to Defendant Frink. Defendant is without knowledge sufficient to either admit or deny the allegations to the extent they pertain to the other defendants.

64. Defendant denies that he extended the scope and duration of the stop.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's complaint, as pled.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's complaint, as pled.

67. Defendant denies the allegations contained in paragraph 67 of Plaintiff's complaint, as pled.

68. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 68 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon

18

Defendant Frink, the allegations are denied.

69. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

70. Defendant admits that no narcotics or explosives were found but denies the remaining allegations contained in paragraph 70 of Plaintiff's complaint, as pled.

## COUNT II

### *Unlawful search under 42 U.S.C. §1983*

71. Defendant is presently without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiff's complaint. To the extent that Plaintiff seeks to impose liability upon Defendant Frink, the allegations are denied.

72. Defendant is presently without sufficient information or knowledge to admit or deny the allegation of consent but Defendant admits opening the door to Mr. Meshal's semi-truck and entering the truck cabin with his dog. Defendant denies the remaining allegations contained in paragraph 72 of Plaintiff's complaint.

73. Paragraph 73 of Plaintiff's complaint calls for legal conclusions

19

proclaimed by Plaintiff's counsel. To the extent an answer is required, the allegations are denied. By way of further response, Defendant denies that he deprived Plaintiff of his Fourth Amendment right.

Defendant denies that Plaintiff is entitled to any form of relief.

Defendant further denies each and every allegation not specifically admitted herein.

Wherefore, having answered the complaint and stated his defenses, Defendant Frink requests that judgment be entered in his favor against the Plaintiff, that Plaintiff take nothing of Defendant, that Defendant be awarded and Plaintiff be assessed all costs incurred, including attorney's fees, that all costs of this action be taxed against the Plaintiff, and for such other relief as this Court may deem just and proper.

Respectfully submitted this _18_ day of _February_, 2022.

Chatham County Attorney

/s/ Andre Pretorius
Andre Pretorius
Assistant County Attorney
State Bar No. 298154
R. Jonathan Hart
County Attorney
State Bar No. 333692

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
F: (912) 652-7887
rjhart@chathamcounty.org
anpretorius@chathamcounty.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___2/18___, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Sean J. Young, Esquire, P.O. Box 77208, Atlanta, GA 30357.

s/Andre Pretorius
Andre Pretorius
State Bar No. 298154

Chatham County Attorney's Office
P.O. Box 8161
Savannah, GA 31412
T: (912) 652-7881
anpretorius@chathamcounty.org