## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| AMIR M. MESHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-010 |
| | ) | |
| CHRISTOPHER C. WRIGHT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Amir M. Meshal filed this lawsuit under 42 § U.S.C. 1983 alleging constitutional violations during a traffic stop. *See generally* doc. 1. He named Christopher Wright, Joshua Janufka, Keith Oglesby, and Derrick Frink as defendants. *Id.* at 1. Defendants Wright, Janufka, and Oglesby (the "moving defendants") move to dismiss the claims against them, doc. 14, and request that discovery deadlines be stayed pending resolution of that motion, doc. 15. Frink does not join in either motion. *See generally* docs. 14 & 15. Plaintiff opposes the stay request, doc. 20, and the moving defendants have replied in support, doc. 22. The Motion to Stay is ripe for disposition. Doc. 15.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D.

Ga. June 10, 2016)).  "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, 'to be clearly meritorious and truly case dispositive.' "  *Sams*, 2016 WL 3339764 at *6 (quoting *Feldman*, 176 F.R.D. at 652-53)).  Finally, the party seeking a stay of discovery bears the burden of establishing "good cause and reasonableness" for a stay.  *CSX Transportation, Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014).

The moving defendants argue that a stay is warranted because "a ruling in their favor on their motion to dismiss would dispose of all claims against them and therefore obviate the need for any discovery."  Doc. 22 at 1.  They also assert that a partial grant of the motion to dismiss could narrow the "scope and focus of discovery."  *Id.* at 2.  Plaintiff argues that since Frink did not join in the motion to dismiss, its disposition "will not dispose of the entire case," and a stay would therefore "merely delay discovery as to Defendant Frink."  Doc. 20 at 2.  He also argues that "planning for and engaging in the early stages of discovery while the Court adjudicates the pending motion will not be unduly burdensome on the parties."  *Id.* at 3-4.

Upon preliminary review, the motion to dismiss does not appear to be meritless. *See generally* doc. 14; *see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Nevertheless, however, meritorious, the motion will not dispose of the entire case. *See generally* doc. 14; *see also CSX Transp., Inc.*, 2014 WL 11429178, at *1 (citing *Feldman*, 176 F.R.D. at 652) ("A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the *entire case*." (emphasis added)). Further, discovery would not be "a mere futile exercise" because Plaintiff's allegations are based on the same underlying traffic stop.[1] *See Arenas v. Georgia Department of Corrections*, 2017 WL 1754770 at *3 (S.D. Ga. May 3, 2017).

Weighing the burden that discovery may impose on the moving defendants against the delay that a stay might pose to Plaintiff, the Court finds that limited discovery is appropriate, subject to the guidelines

---

[1] Specifically, Plaintiff alleges that Janufka conducted the initial stop, Oglesby subsequently "pulled his vehicle up behind . . . Janufka's squad car", and Frink arrived at the scene with a dog trained to detect explosives. *See* doc. 1 at 4-7. He also alleges that the officers conducted the stop "pursuant to a [Georgia State Police] policy", and that Wright, the Commissioner of the Georgia Department of Public Safety, "knew or should have known" that this policy was unconstitutional. *Id.* at 16.

discussed below.  The Motion to Stay is, therefore, **GRANTED, in part**, but to the extent it seeks a stay of all discovery obligations, it is **DENIED, in part**.  Doc. 15.

The parties are **DIRECTED** to confer and submit a joint Proposed Scheduling Order within fourteen days from the date of entry of this Order.[2]  During that conference, the parties are **DIRECTED** to develop a Proposed Scheduling Order following these instructions:

The parties must discuss, in good faith, the scope of limited discovery during the pendency of the Motion to Dismiss, doc. 14.  The scope of limited discovery shall not exceed the initial disclosures required by Rule 26(a)(1) and the written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure.  The proposed scope of limited discovery should include any proposed limits on discovery into issues or sets of facts as well as any proposed limits on the methods of discovery permitted, including any limitation on written discovery, inspections, or examinations under Rules 33 through 36, or any limitations on the subpoena of documents, electronically stored information, or other tangible things from third parties under Federal

---

[2]  Their initial Rule 26(f) Report is therefore **TERMINATED**.  Doc. 25.

Rule of Civil Procedure 45.  The deadlines for depositions of witnesses who have not been designated as experts, service of expert witness reports, and expert depositions are **STAYED**, pending resolution of the motion to dismiss, doc. 14.

Should the parties fail to agree on a proposed scope of limited discovery, then each party is **DIRECTED** to present to the Court its proposed limited discovery scope in the joint Proposed Scheduling Order. The Court will then set a scheduling conference to discuss the parties' proposed discovery plans, and enter a Scheduling Order to govern limited discovery during the pendency of the Motion to Dismiss.  Within 14 days of the District Judge's disposition of the motion to dismiss, all remaining parties are **DIRECTED** to file a joint status report setting out the discovery completed at that time and a proposed schedule for completing the remainder of discovery.

**SO ORDERED**, this 13th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA